```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION

BERNARD MARKEY,                  )
                                 )
        Petitioner               )
                                 )
             v.                  )    No. 3:11cv398
                                 )
SUPERINTENDENT, MIAMI            )
CORRECTIONAL FACILITY,           )
                                 )
        Respondent.              )
```

## OPINION AND ORDER

This matter is before the Court on the request that this proceeding be stayed, contained Bernard Markey's *Pro Se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in Sate Custody. Upon due consideration, the request is **GRANTED**. The Court **STAYS** the proceedings in this petition for writ of habeas corpus and **DIRECTS** Petitioner to advise the Court when he has completed state court review of his unexhausted claims.

Petitioner Bernard Markey, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions in the Marion Superior Court for dealing in cocaine and possession of cocaine.

"[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). After reviewing the petition, the Court finds that it is a "mixed petition" containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982); *see also Zarvela v. Artuz*, 254

F.3d 374, 377 (2d Cir.). Therefore this Court cannot now address the claims in this petition. However, if dismissal of a petition would prevent federal habeas review, then a stay may be appropriate. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

Markey recognizes his mixed petition problem. He states that his previous counsel informed him that "[m]y deadline for my one (1) year window is October 5, 2011),"[1] and he states that "I am also requesting from this court a 'Motion to Stay'" (DE 1 at 6). Under *Rhines*, the Court has discretion to stay rather than dismiss a petition in circumstances where a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The Court should consider whether a stay is appropriate even in the absence of a request from the petitioner. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Having reviewed the Petitioner's submissions, the Court concludes that a dismissal might well prevent him from ever being able to file a petition for writ of habeas corpus. Accordingly, the interests of justice are best served by staying this case until the Petitioner has completed state court review of his unexhausted claims.

For the foregoing reasons, the Court **STAYS** the proceedings in this petition for writ of habeas corpus until the Petitioner has completed state court review of his unexhausted claims. The

---

[1] Markey placed his petition in the prison mailing system on October 3, 2011, (DE 1 at 6) and, pursuant to the mailbox rule, it is deemed filed on that date. See *Houston v. Lack*, 487 U.S. 266 (1988).

Petitioner is **DIRECTED** to advise the Court when he has completed state court review of his unexhausted claims.

DATED: October 20, 2011          /S/RUDY LOZANO, Judge
                                 United States District Court