# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BERNARD MARKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:11-CV-398-JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Bernard Markey, a *pro se* prisoner, filed a habeas corpus petition (DE 1) pursuant to 28 U.S.C. § 2254 challenging his convictions and 40 year sentence imposed on February 13, 2004 by the Marion Superior Court under cause number 49G20-0207-FA-197917. On August 7, 2014, the respondent filed a brief arguing that habeas corpus relief should be denied. Markey has not replied and the time for doing so has long since passed. *See* N.D. Ind. L. Cr. R. 47-2 ("A party who files a petition under 28 U.S.C. § 2254 . . . must file any reply brief within 28 days after the answer brief is served."). Therefore the court will now rule on the petition.

In the petition, Markey presents ten grounds for habeas corpus relief. The respondent argues that all but one claim of ineffective assistance of trial counsel are procedurally defaulted. "To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted). Under the procedural default doctrine, a federal habeas court is precluded from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was

not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Markey filed a direct appeal, but he did not seek transfer to the Indiana Supreme Court. *See* DE 18-2 at 2. Therefore he did not exhaust any claims during his direct appeal. He filed a post-conviction relief petition and appealed the denial of that petition. As a part of the appeal process, he raised four issues in his petition to transfer filed with the Indiana Supreme Court. DE 18-10. First, he argued that his trial counsel was ineffective for failing to object at trial to evidence that was the subject of a motion to suppress. Second, he argued that his trial counsel was ineffective for failing to request a circumstantial evidence instruction. Third, he argued that his appellate counsel failed to appeal the denial of the requested mere presence instruction. Fourth, he argued that his appellate counsel failed to raise sufficiency of the evidence. These are the only four issues that Markey exhausted.

However, he has only included one of those claims in his request for habeas corpus relief. In Ground Two, he lists three reasons why his trial counsel was ineffective. The first reason is

2

because trial counsel failed to object at trial to evidence that was the subject of the motion to suppress. This is the only claim raised in this habeas corpus proceeding which was previously presented to the Indiana Supreme Court. Therefore it is the only exhausted claim and the only one this court may consider as a basis for habeas corpus relief. The other nine grounds and the other two reasons he believes that his trial counsel was ineffective were not presented to the Indiana Supreme Court.

In Ground One, he argues that he "did not receive a full and fair hearing to litigate United States Constitution Fourth Amendment claims." DE 1 at 3. In Ground Two, he argues that his trial counsel was ineffective because "he stipulated to the lab report" and "failed to interview and call as a witness Shannon Burton . . .." *Id.* In Ground Three, he argues that "no rational trier of fact could have found proof of guilt beyond reasonable doubt . . .." DE 1 at 4. In Ground Four, he argues that the "Prosecutor used knowingly false testimony . . .." *Id.* In Ground Five, he argues that "I was charged with two bags of drugs, record only mention one (1) bag of drugs - I was found guilty of two (2) bags of drugs" DE 1 at 5. In Ground Six, he argues that the "charging information omitted elements that were admitted to the jury." *Id.* In Ground Seven, he argues that the judge was "biased and prejudice in regard to him not recusing himself when he charged me with perjury during my trial." *Id.* In Ground Eight, he argues that his perjury was "statements made under duress and involuntary." *Id.* In Ground Nine, he argues that "illegal tampering with evidence contaminated evidence." *Id.* In Ground Ten, he argues that the "officer lied on the report probable cause affidavit." *Id.* All of these grounds are procedurally defaulted because they were not presented to the Indiana Supreme Court. Because they are procedurally defaulted, this court cannot consider them as a basis for habeas corpus relief.

Returning now to the one remaining claim before the court, Markey argues that his trial counsel failed to object at trial to evidence that was the subject of the motion to suppress.

> Under *Strickland v. Washington*, [466 U.S. 668 (1984), counsel] cannot be found to be constitutionally ineffective unless (1) his performance was deficient, meaning it fell below an objective standard of reasonableness informed by prevailing professional norms and (2) his deficient performance [was] prejudic[al], meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful. And because of AEDPA an extra layer of deference enters the picture: we will defer to the Indiana appellate court's determination [of] effective assistance of counsel unless that determination is contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. An application of Supreme Court precedent is reasonable – even if wrong in our view – so long as fairminded jurists could disagree over its correctness. The combination of *Strickland* and Section 2254(d) requires deference upon deference from federal courts reviewing the constitutionality of state criminal convictions.

*Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (quotation marks and citations omitted).

The Court of Appeals of Indiana adjudicated this claim on the merits.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). After explaining the standards set out in *Strickland*, the Court of Appeals of Indiana affirmed the denial of post-conviction relief on his ineffective assistance of trial counsel claim.

4

Markey claims that his trial counsel was ineffective for failing to object to the admission of the cocaine found in the house. Markey claims that the police improperly entered and searched the house and that the cocaine found therein should have been inadmissible. He therefore claims that his trial counsel should have objected to the introduction of the cocaine and that the failure to so object constituted ineffective assistance of trial counsel. We are unable to agree.

First, Markey's trial counsel explained at the post-conviction hearing why he did not object to the cocaine at trial:

> As to the [cocaine] evidence, there was – well there were two reasons. One there was a standing issue. At the suppression hearing there was testimony by the officers that they found clothing and other items that would tie Mr. Markey to the – to the property. That did not come out at trial. We didn't feel that it was relevant, in fact it would hurt Mr. Markey I think in the defense that we were preparing. So I thought there was a standing issue. And then also the whole crux of our defense was that whatever was there was not Mr. Markey's. And I think that rather than draw attention to the cocaine and to – to make a big thing about it, it was better to focus on the fact that where it was, wasn't near where Mr. Markey was. And in fact . . . it would have been impossible for Mr. Markey to have done what the officer stated that they saw.

P-C. R. Tr. p. 16. When asked if it was a conscious strategy decision not to preserve the evidentiary issue for appeal, Markey's trial counsel explained, "No, it wouldn't have been a conscious effort not to preserve the . . . suppression issue. It would have been a conscious effort not to argue it in front of the jury." *Id.* at 17. From this, it is clear that Markey's trial counsel made a strategic decision to not object to the introduction of the cocaine evidence. To argue the standing issue would have required Markey's trial counsel to argue that Markey had an interest in the house where he was located because of the clothing he had in the bag found at the house. The trial strategy, however, was to claim that that [sic] the cocaine did not belong to Markey and not to mention the clothing in the bag. Although this strategy was ultimately unsuccessful, this does not mean that the strategy was so deficient as to fall below an objective standard of reasonableness. *See Fugate v. State*, 608 N.E.2d 1370, 1373 (Ind. 1993) (noting that an unsuccessful defense strategy does not always indicate that the strategy was a poor one, nor does it indicate trial counsel's ineffectiveness). "[W]e will not speculate about more advantageous strategies which could have been employed by trial counsel." *Id.*

Because we conclude that the performance of Markey's trial counsel did not fall below an objective standard of reasonableness, we need not decide whether Markey was prejudiced by his counsel's alleged errors. *See Timberlake*, 753 N.E.2d at 603 (noting that two prongs of the Strickland test are separate and independent inquiries). But even if we were to assume arguendo that his trial counsel's failure to object to the cocaine did constitute deficient performance, he

> must still show that he was prejudiced by this alleged error. *See id.* This he cannot do.
>
> In the context of a claim of ineffective counsel for failure to object, the defendant must prove that an objection would have been sustained if made and that he was prejudiced by the failure. *Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001). Markey cannot show that his objection would have been sustained or that he was prejudiced by the failure to object. This is so because his objection to the search and seizure of the cocaine would have been meritless even if it had been preserved. Markey claims that he had standing to challenge the search because he "was an invited guest in the residence and thus could challenge the search." Appellant's Br. at 6. In support of this proposition, Markey cites *Mi1mesota v. Cat1er*, 525 U.S. 83, 89-90 (1998). The Court in Carter actually held, however, that "an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." *Id.* at 90 (emphasis added).
> Here, the evidence indicates that Markey was not an overnight guest. Although the owner of the home showed the police a bag of clothing that belonged to Markey, Markey never claimed that he had been an overnight guest at the house. To the contrary, he told the arresting officer that he had simply been at the house "partying." Suppression Tr. p. 6. Under these facts and circumstances, we cannot say that Markey met his burden of establishing that he had standing to challenge the search which led to the seizure of the cocaine. Thus, even if his counsel had objected at trial to the introduction of the cocaine evidence, this objection, properly, would not have been sustained because Markey lacked standing to challenge the search of a house where he was simply "partying."

*Markey v. State*, 49A02-1003-PC-371, slip op. at 4-7 (Ind. Ct. App. 2010), DE 18-9 at 4-7.

Markey has not provided any explanation for why or how it was an unreasonable application of *Strickland* for the Court of Appeals of Indiana to have determined that his trial counsel was not ineffective. Neither does this court find that the State court's conclusion was unreasonable. Therefore trial counsel's failure to object at trial to evidence that was the subject of the motion to suppress is not a basis for habeas corpus relief.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a

constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, all but one of Markey's grounds are procedurally defaulted and the one exhausted claim was not unreasonably adjudicated by the Court of Appeals of Indiana. Reasonable jurists would not debate these findings. Therefore this case does not deserve encouragement to proceed further.

For the foregoing reasons, the habeas corpus petition (DE 1) is **DENIED**. Bernard Markey is **DENIED** a certificate of appealability.

**SO ORDERED** on February 24, 2015.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE